# EXHIBIT C

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>901 Ninth Avenue<br>Greeley, Colorado 80631<br>Phone: (970) 475-2540 | DATE FILED: April 21, 2020 12:52 PM<br>FILING ID: 16277D5EF5AF8<br>CASE NUMBER: 2020CV30246 |
| **Plaintiff**: GREAT WESTERN DAIRY, LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendant**: MWI VETERINARY SUPPLY CO., an Idaho corporation. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Defendant*:<br>David G. Mayhan, #15146<br>Sarah Smyth O'Brien, #34172<br>BUTLER SNOW LLP<br>1801 California Street, Suite 5100<br>Denver, Colorado 80202<br>Telephone: (720) 330-2300<br>Facsimile: (720) 330-2301<br>E-mail: David.Mayhan@butlersnow.com;<br>Sarah.OBrien@butlersnow.com | Case No. 2020CV30246<br><br>Division: 4 |
| **DEFENDANT MWI VETERINARY SUPPLY CO. ANSWER** | |

Defendant MWI Veterinary Supply Co. ("MWI"), by and through counsel, hereby submits its Answer to Plaintiff Great Western Dairy, LLC's Complaint as follows:

## INTRODUCTION

1. Defendant MWI admits that it and its predecessor in interest, Micro Beef Technologies, supplied a system to dispense nutrients to Plaintiff's dairy cattle herd. However, Defendant denies allegations that its system did not work and denies all other allegations including allegations that there was any harm caused to Plaintiff's dairy herd.

## PARTIES, JURISDICTION, AND VENUE

2. Defendant admits that Plaintiff Great Western Dairy, LLC, is a Colorado LLC with its principal place of business in Ault, Colorado. Further, upon information and belief, all of Plaintiff-LLC's members are residents and citizens of Weld County, Colorado at all times pertinent to the parties' business dealings. Defendant is without facts sufficient to form a belief about the remainder of the allegations in this paragraph and therefore denies them at this time.

3. Defendant MWI admits it is an Idaho corporation authorized to conduct business in the State of Colorado, and Defendant has maintained its principal place of business and corporate headquarters at 3041 W. Pasadena Drive, Boise, ID 83705. MWI also admits it is the successor-in-interest to a company formerly known as Micro Beef Technologies, Ltd.

4. Defendant concedes that jurisdiction and venue are proper in this Court as it pertains to Plaintiff's initial filing. Defendant reserves the right to seek and obtain removal to the United States District Court for the District of Colorado based on diversity jurisdiction.

**GENERAL ALLEGATIONS**

5. Defendant MWI admits it is common for modern dairy farming to utilize nutritional supplements to optimize milk production.

6. MWI admits that through its predecessor, it came to an agreement with Plaintiff for the purchase and maintenance of a nutritional dispensing system, the details of which are more fully set forth in terms memorializing the parties' agreement. MWI denies that the proposal terms became a part of the parties' ultimate agreement.

7. MWI states that the precise terms and conditions of the parties' agreement are more fully and completely set forth in the various documents and course of dealing that constitute the parties' agreement. MWI objects to any characterization of select terms that do not reflect the complete agreement or that may be taken out of context or selectively quoted. Further, MWI denies that the proposal terms became a part of the parties' ultimate agreement.

8. MWI admits that Casey DeHaan, on behalf of Plaintiff, accepted a proposal on or about June 15, 2014. However, MWI denies that the proposal terms became a part of the parties' ultimate agreement.

9. MWI admits the parties entered into an agreement, the terms of which are more completely set forth in the documents relevant to that agreement.

10. MWI states that the precise terms and conditions of the parties' order agreement are more fully and completely set forth in the various documents that comprise the parties' order agreement. MWI objects to any characterization of select terms that do not reflect the complete agreement or that may be taken out of context when selectively quoted in Plaintiff's complaint.

11. MWI admits that the parties' initial agreement was entered into with Micro Beef Technologies which is a predecessor in interest to defendant MWI. Further, Defendant MWI denies that the proposal terms became a part of the parties' ultimate agreement.

**Use of the MWI System**

12. MWI admits the parties were both engaged in the performance, service, and monitoring of the system that provided nutrients to Plaintiff's dairy cattle herd. Defendant denies all other allegations in this paragraph.

13.     MWI admits the parties were both engaged in the performance, service, and monitoring of the system that provided nutrients to Plaintiff's dairy cattle herd. Defendant denies all other allegations in this paragraph.

14.     MWI admits the parties were both engaged in the performance, service, and monitoring of the system that provided nutrients to Plaintiff's dairy cattle herd. Defendant denies all other allegations in this paragraph.

15.     MWI admits the parties were both engaged in the performance, service, and monitoring of the system that provided nutrients to Plaintiff's dairy cattle herd. Defendant denies all other allegations in this paragraph.

16.     MWI admits the parties were both engaged in the performance, service, and monitoring of the system that provided nutrients to Plaintiff's dairy cattle herd. Defendant denies all other allegations in this paragraph.

### Service Problems

17.     Defendant admits representatives of Plaintiff and Defendant had numerous contacts during the term of their agreement. Defendant denies all other allegations in this paragraph.

18.     Defendant admits representatives of Plaintiff and Defendant had numerous contacts during the term of their agreement. Defendant denies all other allegations in this paragraph.

19.     Defendant admits representatives of Plaintiff and Defendant had numerous contacts during the term of their agreement. Defendant denies all other allegations in this paragraph.

### Vitamin D Overdosing of Great Western's Herd

20.     Defendant admits representatives of Plaintiff and Defendant had numerous contacts during the term of their agreement. Defendant denies all other allegations in this paragraph.

21.     Defendant admits representatives of Plaintiff and Defendant had numerous contacts during the term of their agreement. Defendant denies all other allegations in this paragraph.

22.     Defendant admits representatives of Plaintiff and Defendant had numerous contacts during the term of their agreement. Defendant denies all other allegations in this paragraph.

23.     Defendant admits that during the course of its relationship with Plaintiff, it refunded money to Plaintiff in connection with providing its equipment and services. Defendant denies all other allegations in this paragraph.

24. Defendant denies the allegations in paragraph 24 of the complaint.

25. MWI admits it received a letter from Plaintiff on or about February 27, 2020 that mentions this claim. Defendant denies all other allegations in this paragraph.

### FIRST CLAIM FOR RELIEF
### (Negligence)

26. MWI incorporates its prior responses to the above paragraphs as if fully set forth herein.

27. MWI denies the allegations in paragraph 27 of the Complaint.

28. MWI denies the allegations in paragraph 28 of the Complaint.

29. MWI denies the allegations in paragraph 29 of the Complaint.

30. MWI denies the allegations in paragraph 30 of the Complaint.

31. MWI denies the allegations in paragraph 31 of the Complaint.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract)

32. MWI incorporates its prior responses to the above paragraphs as if fully set forth herein.

33. MWI admits it entered into an agreement with Plaintiff, the full terms and conditions of which are not reflected or recited here. MWI denies all other allegations in paragraph 33 of the Complaint. MWI also specifically denies that the proposal terms became a part of the parties' ultimate agreement.

34. MWI denies the allegations in paragraph 34 of the Complaint.

35. MWI denies the allegations in paragraph 35 of the Complaint.

36. MWI denies the allegations in paragraph 36 of the Complaint.

### PRAYER FOR RELIEF

MWI denies all allegations in Plaintiff's Prayer for Relief.

37. MWI denies all other allegations not specifically admitted herein.

**OTHER DEFENSES**

38. Plaintiff's complaint fails to state a claim for which relief may be granted.

39. Plaintiff's claims may be barred or limited by all applicable statutes of limitation.

40. Plaintiff's claims may be barred by laches, waiver and/or estoppel.

41. Plaintiff's claims may be barred by the doctrine of accord and satisfaction.

42. Plaintiff's claims may be barred by acceptance of the services provided.

43. Plaintiff's claims may be barred by the terms and conditions of the parties' agreement, including but not limited to the Plaintiff's failure to perform all required conditions or conditions precedent.

44. Plaintiff's claims are barred or limited by its failure to mitigate any alleged damages.

45. Plaintiff's claims are barred or limited by Plaintiff's own comparative negligence or fault.

46. Defendant reserves the right to assert other defenses upon investigation and discovery.

**JURY DEMAND**

Defendant demands a jury trial on all claims.

Dated this 21st day of April, 2020.

Respectfully submitted,

**BUTLER SNOW LLP**

 s/ David G. Mayhan
David G. Mayhan #15146
Sarah Smyth O'Brien #34172

*Attorneys for Defendant*

[Original signature on file at the offices of Butler Snow LLP]

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020 a true and correct copy of the foregoing was electronically filed with the Court and served on all counsel of record via the Colorado Courts E-Filing System.

*s/ Gloria Anzar*
Gloria Anzar

[Original signature on file at the offices of Butler Snow LLP]