IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01142-PAB

GREAT WESTERN DAIRY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

MWI VETERINARY SUPPLY CO., an Idaho Corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Response to Court's Order to Show Cause [Docket No. 12]. Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3.

Defendant removed this case from the District Court of Weld County, Colorado on April 23, 2020. Docket No. 1. On that day, the Court ordered defendant to show cause why the case should not be remanded to state court due to lack of federal subject matter jurisdiction. Docket No. 9 at 4. Specifically, the Court found that defendant had failed to adequately allege the citizenship of plaintiff. *Id.* In the notice of removal, defendant alleged that plaintiff is a limited liability company and that "Plaintiff's members include Casey DeHaan and his family members who are all citizens of, and domiciled in, the State of Colorado." Docket No. 1 at 2, ¶ 4. Defendant claimed that "[a]ll members of Plaintiff were domiciled in Colorado at the time of the filing of the Complaint in this matter and at the time of filing this Notice of Removal." *Id.* The Court

found these allegations insufficient to establish plaintiff's citizenship because defendant had failed to identify each of plaintiff's members and those members' citizenship. Docket No. 9 at 3; see also Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233,1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). In addition, the Court explained, because jurisdiction cannot be conferred by stipulation, the fact that plaintiff's counsel had confirmed that all of plaintiff's members were citizens of Colorado was inadequate to prove the necessary facts establishing the Court's subject matter jurisdiction. Docket No. 9 at 3-4.

On May 4, 2020, defendant responded to the Court's order to show cause. Docket No. 12. Defendant states that it contacted plaintiff's counsel to request additional information concerning the identity of each of plaintiff's members, but that plaintiff's counsel would not provide this information. Id. at 4, ¶ 10. Defendant indicates that it has "no further information on the specific names of the individual members, other than Casey DeHaan." Id. Defendant reiterates that plaintiff's counsel previously confirmed that all of plaintiff's members are Colorado citizens, id. at 5, ¶ 12, and states that, if the Court requires further information to support subject matter jurisdiction, defendant "requests the opportunity to conduct limited expedited written discovery on the issue and/or that this Court set a hearing on the Order to Show Cause and allow Defendant to conduct limited examination of Casey DeHaan or have Plaintiff's counsel directly address citizenship of Plaintiff with the Court." Id., ¶ 14.

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a

[proponent] pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"). The fact that plaintiff's counsel will not provide information concerning plaintiff's members is not an equitable exception to the need for a removing party to demonstrate subject matter jurisdiction. "While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009). In *Berkshire*, the Court remanded a case to state court based on a lack of subject matter jurisdiction where "both [LLC] parties ha[d] guarded the identities of their members and, as a result, their citizenship." *Id.* In so doing, the Court noted that the United States Supreme Court has acknowledged that the law in this area "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Id.* (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990)). However, the Court concluded that "the limitations that Congress has placed on federal courts' diversity-based jurisdiction require certain LLCs to decide between maintaining their members' anonymity and having their cases heard in federal court." *Id.* The

Court cannot disregard defendant's burden of identifying plaintiff's members and demonstrating each member's citizenship so as to establish plaintiff's citizenship for purposes of diversity jurisdiction.  Because defendant has not met this burden, the Court finds that it does not have subject matter jurisdiction over this case.

Regarding defendant's request for jurisdictional discovery, while a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (citations omitted) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal").  While "refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," *Sizova v. Nat.'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002), "the burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on the party seeking the discovery."  *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).  Defendant does not argue that it will be prejudiced by a refusal to grant jurisdictional discovery, *see* Docket No. 12, and the Court does not find that any prejudice will occur in denying the requested discovery, particularly where, as here, "later-discovered facts may prompt a second attempt at removal."  *Abrego Abrego*, 443 F.3d at 691.

Defendant claims that it relied on plaintiff's counsel's representation that all of plaintiff's members were Colorado citizens, without conducting discovery of its own, because it was required to do so to meet the 30-day removal deadline set out in 28 U.S.C. §§ 1446(b)(1) and (b)(3). Docket No. 12 at 3, ¶ 7 and n.1.[1] The 30-day window to remove a case to federal court begins to run 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Without knowing the identities and citizenship of plaintiff's members, defendant could not ascertain that the case was removable. Therefore, defendant could have conducted discovery regarding plaintiff's members in state court, a fact which defendant concedes, without time pressure imposed by § 1446(b)(3). *See* Docket No. 12 at 3, ¶ 9.

For these reasons, the Court declines defendant's request for jurisdictional discovery. Granting such a request would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The Court will remand this case to state court.

---

[1] Specifically, defendant states that, "[a]fter receipt of information from Plaintiff's counsel that all members of Plaintiff LLC were citizens of Colorado, counsel for Defendant felt it was necessary to file the Notice of Removal within 30 days. While Plaintiff's counsel now refuses to provide more details as to his previous statements that all members of Plaintiff LLC are citizens of Colorado, removal was necessary to avoid the counter argument that Defendant had knowledge that complete diversity existed after speaking with Plaintiff's counsel and failed to remove within 30 days." Docket No. 12 at 3, n.1.

5

For these reasons, it is

**ORDERED** that this case is **REMANDED** to the District Court of Weld County, Colorado, where it was originally filed as Case No. 2020CV30246.  It is further

**ORDERED** that this case is closed.

DATED May 7, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge